UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21 MJ 5167 NAB |
| KEN TRANG TRAN, | ) ) ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Angie E. Danis, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending trial, and further requests that a detention hearing be held at the time defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq., and per current guidance from the Court.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Presumption of Detention

1. The defendant is charged with offenses for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a) and 846.

2. The offenses with which the defendant are charged trigger a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A) and (B). There are

no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

### The Nature and Circumstances of the Offense

3. Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense is a controlled substance offense or a crime of violence. The instant offense involves a myriad of controlled substances and the acute death of a female who was found in the defendant's apartment. This was not merely a case of drug users sharing their narcotics. TRAN admitted to police that he received and sold larger amounts of narcotics for profit. TRAN engages in this activity as part of his livelihood, not merely to support a minor habit.

### The Weight of the Evidence Against the Defendant

4. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong. As described in the affidavit in support of the criminal complaint, the defendant admitted his involvement in the drug conspiracy and admitted many of the facts surrounding the suspicious death of the woman found deceased in his apartment on June 28, 2021.

### The History and Characteristics of the Defendant

5. This Court should consider the defendant's past conduct, including his history relating to drug or alcohol abuse, and criminal history. *See* 18 U.S.C. § 3142(g)(2)(A). At this time, the Government is unaware of any criminal history for the defendant.

### The Nature and Seriousness of the Danger to the Community

6. The defendant admitted to being a narcotics dealer. He receives his narcotics through

the mail at various residences of his, which means that he could easily continue his criminal enterprise if placed on electronic monitoring. The dangerousness to the community is evident in finding a dead woman in his apartment who died of an apparent narcotics overdose, using narcotics provided by TRAN.

### Risk of Flight

8. There a serious risk that the defendant will flee because he is facing a significant prison sentence in this case, based on the severity of the offense conduct and the potential for additional charges pending further investigation.

### Conclusion

9. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney